IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**COLTON WEST**                                                                                          **PETITIONER**

v.                                       No. 2:25-cv-00017 LPR/PSH

**DOE**                                                                                                  **RESPONDENT**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Colton West ("West"), an inmate at the Arkansas County Detention Center, filed a petition for writ of habeas corpus on January 27, 2025. Doc. No. 1. On February 10, 2025, the Court ordered West to submit either the $5 filing fee or a

1

properly completed *in forma pauperis* application within thirty days. Doc. No. 3. In that same Order, West was notified of his duty, pursuant to Local Rule 5.5(c)(2), to promptly notify the Court of any change in his address, as well as his duty to respond to any communication from the Court within thirty days. West was also notified that failure to comply with the Local Rule would result in the recommended dismissal of this action without prejudice.

West did not respond to the Court's February 10 Order. Subsequently, two mailings from the Court were returned as undeliverable.[1] *See* Doc. Nos. 4 & 5. A notation on the second returned mailing indicates that West was transferred to the ADC and was no longer in the custody of the Arkansas County Detention Center. On April 25, 2025, the Court directed West to file a notice of his current mailing address and notified him that failure to do so would result in the recommended dismissal of his petition. That Order was also returned as undeliverable. Unsurprisingly, West did not respond to the Order.

Under these circumstances, the Court concludes that West's petition should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent

---

[1] Those mailings contained a file-marked copy of West's petition and a copy of the Court's February 10 Order.

power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

Therefore, the Court recommends that West's petition for writ of habeas corpus be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2).

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

IT IS SO ORDERED this 2nd day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE